IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH.

Michael Ames, Plaintiff,                Reply To Defendants Response-

Vs,

                                        District Judge Dee Benson
Todd Christensen, Defendant.            Case No# 2:12-CV-481-D.B.

---

Objective Reply To Defendants Excusable Neglect To Disregard Original Order of the Court:

Come Now Plaintiff Michael Ames who Respectfully Reply To The Defendants Malfactor Response Regarding Defendants Position of Civil Default.

Plaintiff disagrees with Defendants Plea To Excusable Neglect For disregarding The Order and Demand of The Court To Respond by December 12, 2012,
And That The Courts Order To Locate and Summons The Response To The Complaint by The Defendant,
Did Indeed Give Defendant Sufficient Time Which To Demostrate His Rebuff.

Therefore Plaintiff would Respectfully move The Court For Non-Concideration of Defendants Pleading To Disregard The Demands of The Courts Original Order.

Page No# 1

Reply To Response -

(1). Defendant's attempt to supersede the Constitutions and Civil Laws when the Defendant vociferously or with disrespectful arrogance refused to answer the issues raised in Plaintiff's Civil Complaint,

Therefore the Court may view Defendant's waiver to answer the issues raised in this Civil Complaint, as Defendant's own position to concede that all the aligations are true and correct, and that Defendant did indeed commit all the acts alleged against Him in this Civil Complaint.

(2). Defendant's only Response argument is that He should be given Immunity because His actions did not violate or offend the Law -

Because the Defendant is a Trained Veteran Detective, and therefore was completely aware that Plaintiff was already in Police Custody when Defendant Shot Him in the Back 3 Times,

And More Important Defendant Has Several Prior misconduct Complaints against Him, where Civil Rights violations were also alleged against Him, thus Lack of Knowledge of Law is unexcusable Defense.

# Reply To Response-

(3). Defendant argues That Prison Litigations To Exhaust all administrative Remedies Preclude Plaintiff From The Civil action Relief He Seeks-

This argument by Defendant Indeed Disregards The plain Language argued In Plaintiff's Complaint, That This Is an External offense Committed by The Reckless act of The Defendant, And The UTAH Department of Institutional Opperations Is In No way Related To The City Police Department,

Therefore IT would be Improper Procedure To File a Grevience In Prison against The Defendant.

(4)- Plaintiff's Complaint Is Replete with His Request For Relief From Pain and Suffering Caused by The Defendant-

Therefore The Defendant's 3rd argument For Defense Fails on Its Face, Because IT Is UnTrue and Misleading.

Reply To Response-

(5). Defendants 4th and 5th arguments of Defense attempts To Ignore the medical Records and Record account of the Reckless acts committed by the Defendant against Plaintiff-

Therefore Plaintiff again Move The Court To Dismiss Defendants Response as Frivolous and without Merit on Its Face.

(6). The Defendant's Response That It would Violated The 14th Amendment For The Court To Grant Plaintiff's Due Relief Is an absolute oversight of The Protected Constitutional Rights of Every Citizen which Prevents Civil Rights Violation That Causes undue Pain and Suffering,-

However In This Civil Complaint Case, The Defendant Did Indeed Cause The Undue Pain and Suffering upon The Plaintiff's Civil Liberty Interest.

## CONCLUSION —

Pleading of which There are Civil Liberty Interest at Issues In The Complaint,

The Defendant is not afforded The Immunity From answering The alligations of offenses alliged against Him.

Therefore Plaintiff would now move The Court To View The Defendant's Response as His Position To Consede To The alligations against Him as True and Correct.

Plaintiff would also Respectfully move The Court To Set This Case Matter before The Court's Calandar on a motion For a Resolution Hearing, Whereas both Parties may Respectfully Resolve To Settle This Case In The Interest of Justice.

Also Plaintiff move The Court For an Order of Appearance For Good Cause Shown.

March 13, 2013

Page No. 5

Respectfully Submitted by Michael Ames

*[signature]*