Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
FAX: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL AMES**,<br><br>Plaintiff,<br><br>v.<br><br>**TODD CHRISTENSEN,**<br><br>Defendant. | **DEFENDANT'S *MARTINEZ* REPORT**<br><br>Case No. 2:12-CV-481-DB<br><br>District Judge Dee Benson |

DEFENDANT, TODD CHRISTENSEN, through his attorney, Frank D. Mylar, respectfully submits this *Martinez* Report pursuant to the Court's Order of October 26, 2012 (Doc. No. 16). This *Martinez* Report is supported by the pleadings, the affidavits of Deputy Todd Christensen and Corporal Chet Hartley, and the following:

## *MARTINEZ* REPORT

Plaintiff, by his own admission, admits that he never filed any grievances in this matter. (Compl. ¶ E1). Defendant is not aware of any grievances filed relating to the matter as well. (Christensen Aff. ¶ 32). However, it does appear that the exhaustion requirements of the *Prison Litigation Reform Act* do not apply in this particular instance. Plaintiff's suit involves an incident which occurred before his incarceration. The exhaustion section of the P.L.R.A.,42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to *prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "The P.L.R.A.'s legislative history is silent as to civil rights claims arising prior to incarceration, and Congress could have addressed this issue expressly had it so intended." *Robbins v. Chronister*, 402 F.3d 1047, 1051 (10th Cir. 2005). " Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement." *Id.* at 1053. While Plaintiff is a prisoner under the definition of the PLRA, his suit does not involve prison conditions and, under the plain language of the statute, the exhaustion requirements do not apply.

It should be noted that if Plaintiff's suit only alleged mental or emotional injury, without an accompanying physical injury, his claims could be barred even if it occurred outside of the prison walls. *See Napier v. Preslicka*, 314 F.3d 528 (11th Cir. 2002). The P.L.R.A. in 42 U.S.C. § 1997e(e) uses the term "while in custody," whereas § 1997e(a) requires exhaustion for suits about

"prison conditions." However, since Plaintiff claims he was shot with a gun, this section is not applicable in this case since he did suffer serious injury.

Therefore, Defendants are not currently aware of any argument under the P.L.R.A. that would allow the court to bar Plaintiff's suit under the current state of the law.

Dated this 28th day of May, 2013

/s/ *Frank D. Mylar*

_____
Frank D. Mylar
Attorney for Defendant

## CERTIFICATE OF ALTERNATE SERVICE

I certify this 24th day of May, 2013, counsel's office mailed an exact copy of this **DEFENDANT'S *MARTINEZ* REPORT** that is filed with the United States District Court, Electronic Filing System, upon Plaintiff's last known address at:

Michael Ames, Inmate
UTAH STATE PRISON # 36474
OQU #3 204B
P.O. Box 250
Draper, Utah 84020

/s/ *Frank D. Mylar*

_____
Frank D. Mylar