Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
Fax: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL AMES,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**TODD CHRISTENSEN,**<br><br>　　　　　Defendant. | **AFFIDAVIT OF DEPUTY TODD CHRISTENSEN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge Dale A. Kimball<br>Civil No. 1:10-CV-007-DAK |

STATE OF UTAH        )
                     ) ss.
COUNTY OF WEBER      )

I, TODD CHRISTENSEN, having been duly sworn, under oath, state that the following statements are true and based upon my personal knowledge:

1.　　I am an adult resident of Weber County, State of Utah and a United States citizen. If I were to testify in Court, I would testify to the facts contained in this Affidavit.

2. I am currently a Deputy with Weber County Sheriff's Office. I have been employed by Weber County Sheriff's Office for the last twelve years.

3. During all relevant times, I was and presently am, a Deputy with Weber County Sheriff's Office. I am certified by the Utah Division of Peace Officers Standards and Training (POST) as a law enforcement officer. I have over twelve years of experience as a Sheriff's Deputy.

4. I am familiar with the Weber County Sheriff's Office Use of Force Policy, and have received training on when and how the use of firearms is appropriate.

5. On March 25, 2011, I was at a training session at Weber County Sheriff's Office, when I heard a request from dispatch over the radio for help setting up a perimeter in West Haven, Utah, to contain Plaintiff, who was armed and fleeing from law enforcement. I immediately informed dispatch I would be helping set up this perimeter. I then got in my vehicle and proceeded to the location.

6. I had been told Plaintiff had threatened to kill bank employees with a gun, pointed a gun at a female, threatened her life and stole her vehicle.

7. While driving to assist with setting up this perimeter, I heard from dispatch that Plaintiff had stolen a vehicle at gunpoint and was reported to be heading toward a house by 40th Street in Ogden, Utah, where Plaintiff's drug dealer was believed to live.

8. I discovered Plaintiff's abandoned vehicle at 3998 Raymond Avenue.

9. After some unsuccessful searching for Plaintiff in that area, I began to hear a lot of yelling and one gun shot coming from somewhere nearby.

10. I continued searching until I determined which house the yelling was coming from, which was later determined to be 3940 Raymond Avenue.

11. From inside the house, I could hear female, blood curdling, horrific screams. I could hear other screaming in the house as well.

12. Other officers were stating "this is the house."

13. 3940 Raymond Avenue faces west, with its front door located on the center of the west side of the house. There is a driveway on the north side of the house, that led into the backyard.

14. I proceeded on foot, outside the front of the house, up along the house's driveway, to arrive at the northeast corner of the house, which was the backyard. I was followed by Deputy Trent Wilson. I had my handgun, Wilson had his assault rifle.

15. From this vantage point at the northeast corner of the house, I saw several officers who were outside at the southeast corner of the house, also in the backyard, as well as one officer further in the backyard, directly east of the house.

16. From inside the house, I could hear people screaming to get out.

17. Since the Plaintiff had already threatened the lives of bank employees, car-jacked an innocent woman at gunpoint, and because I had heard a gun shot while approaching the house, and heard a female screaming inside, I believed the use of deadly force existed and that the armed Plaintiff needed to be stopped to protect the life of the innocent persons inside the home and the officers outside as well.

18. While standing at the northeast corner of the house, I saw two people run out of the back door nearest the northeast corner of the house, just a few feet away from where I was standing. I took about three steps backwards. I later discovered that these two people were the homeowner and Plaintiff.

19. I saw an individual with a baseball bat in his hand, who I later determined to be the homeowner. The other individual, who I later discovered was Plaintiff, was trying to get away from the homeowner who was chasing him with the baseball bat.

20. At this point, I saw Plaintiff had a gun in his right hand.

21. The homeowner hit Plaintiff in the head with the baseball bat right in front of me. This occurred approximately five to eight feet from the east door they had exited, and five to eight feet in front of me.

22. This blow did not stop Plaintiff. Plaintiff turned and looked at me. He had the gun in his right hand, and he pointed it at me.

23. In response to this aggression, I rapidly shot five rounds from my handgun at Plaintiff who immediately fell to the ground and dropped the gun.

24. The entire event occurred very quickly, and I had to make a split second decision to protect myself and others from Plaintiff who was armed and fleeing.

25. From the time Plaintiff and the homeowner exited the house to the time I discharged my firearm, approximately three seconds elapsed.

26. Then I held cover on Plaintiff and yelled for someone to handcuff him.

27. After Officer Trevor Barker handcuffed Plaintiff, I sat Plaintiff up so that his injuries could be assessed.

28. I observed Plaintiff was bleeding quite extensively from the head, but he was talking.

29. I observed Plaintiff's weapon in two pieces on the ground beneath him.

30. Shortly thereafter, Corporal Hartley escorted me away from the scene.

31. I believe my actions that day were lawful and consistent with the Weber County Sheriff's Use of Force Policy. Plaintiff was an armed and dangerous fleeing felon, who had already threatened several peoples lives, and who I believed could seriously injure or kill innocent people.

32. I am not aware of any grievances that Plaintiff has filed against me at any level or institution.

**DECLARATION UNDER PENALTY OF PERJURY**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the above sworn statements are true and based upon my personal knowledge and experience.

Dated this 24th day of May, 2013.

*/s/ Todd Christensen*

---

Deputy Todd Christensen
Weber County Sheriff's Office