Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
FAX: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL AMES**,<br><br>    Plaintiff,<br><br>v.<br><br>**TODD CHRISTENSEN**,<br><br>    Defendant. | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:12-CV-481-DB<br><br>District Judge Dee Benson |

## INTRODUCTION

Plaintiff brings this suit alleging violation of the United States Constitution under 42 U.S.C. § 1983 claiming he was subjected to a "deliberate act of pain and suffering," and "reckless use of a lethal weapon causing injuries" by Defendant. (Compl. ¶ C1. Doc. No. 12). Defendant filed an Answer, and then a Motion and Memorandum for Summary Judgment (Doc. No. 30), on May 28, 2013. The Court entered Plaintiff's Response (Doc. No. 33), on June 14, 2013, to which Defendant replies to here.

# SUPPLEMENT TO THE STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On March 25, 2011, Corporal Chet Hartley's patrol car was equipped with a dashboard video camera, which recorded relevant aspects of the events involved in this lawsuit. (Hartley Supp. Aff . ¶ 3)

2. A copy of the video and audio recording is attached to Corporal Hartley's Supplemental Affidavit as Exhibit A and incorporated herein by reference.[1] (Hartley Supp. Aff . ¶ 4).

3. The video footage captures the initial shot fired at Plaintiff as described by Deputy Christensen in ¶ 9 of his Affidavit at approximately 16:06:55. (Hartley Supp. Aff . ¶ 5).

4. The video footage briefly shows Plaintiff before he runs out of view of the camera and into one of the houses. (Hartley Supp. Aff . ¶ 6).

5. While the video footage did not capture any pictures of Defendant shooting Plaintiff, it did pick up the audio, which can be heard at approximately 16:08:24. (Hartley Supp. Aff . ¶ 7).

6. Five shots are heard in rapid succession, and no other shots are fired after this time. (Hartley Supp. Aff . ¶ 8).

---

[1] The video has a timestamp showing the hour, minute, and second, and references herein to the video will identify the time of each referenced occurrence in the form"hh:mm:ss."

## POINT I

### Plaintiff Has Not Supported His Claims with Admissible Evidence

"A party asserting that a fact . . . is genuinely disputed must support the assertion by: citing to particular parts of materials in the record . . ." *Fed R. Civ. P.* 56(c). A non-movant who "would bear the burden of persuasion at trial" must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial. *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The alleged facts "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). "[T]he nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

In the present case, Plaintiff has not provided any specific facts that would be admissible in evidence. Plaintiff has only pointed to the vague and conclusory information contained in his Amended Complaint (Doc. No. 12). All facts in Defendant's Motion and Memorandum for Summary Judgment (Doc. No. 30) are supported by admissible evidence – either Defendant's Affidavit (Doc. No. 31), or Corporal Hartley's Affidavit (Doc. No. 32). Since Plaintiff has not offered any admissible evidence that contradicts Defendant's statement of facts, there are no

disputed material facts. Therefore, summary judgment is appropriate and this matter is ripe for decision from the Court.

## POINT II

**Corporal Chet Hartley's Dashboard Video Camera Captured the Audio of the Event**

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A court should not rely on a visible fiction, but view the facts in the light depicted by a videotape. *Id.* at 380-381.

While Corporal Hartley's dashboard video camera footage did not capture any pictures of the shooting, it did pick up the audio, which can be heard at approximately 16:08:24. (Hartley Supp. Aff. ¶ 7). Five shots are fired in rapid succession, and no other shots are fired after this time. (Hartley Supp. Aff ¶ 8). This footage confirms the facts as they are stated by Defendant.

Plaintiff has claimed he was shot twice in the back while on the ground (Amended Compl. ¶ 3, Doc. No. 12), but at other times has claimed he was shot three times. (Reply to Resp. p. 2, Doc. No. 26). Taking the audio from the dash-camera into consideration, there is no way Defendant could have shot Plaintiff in the back while on the ground because the shots are fired too quickly. Plaintiff's version of the facts, wherever they can be gleaned, are clearly a visible fiction, and the Court should rely on the dash-camera footage. 550 U.S. at 380-381.

## POINT III

### Plaintiff Misstates Defendant's Statement of Facts

Plaintiff also appears to misconstrue Defendant's statement of facts. For example, Plaintiff claims Defendant stated Plaintiff pointed a gun in the sky (Doc. No. 33, p. 5). However Defendant has never claimed Plaintiff pointed a gun toward the sky, only that Plaintiff appeared to have a gun in his hand, and he pointed it at Defendant. (Christensen Aff. ¶ 22, Doc. No. 31).

Additionally, Plaintiff claims Defendant stated he only shot Plaintiff in the front of his body. (Doc. No. 33, p. 4). However, Defendant has only claimed that he fired five shots in rapid succession, and Plaintiff immediately fell to the ground. (Christensen Aff. ¶ 23, Doc. No. 31; Hartley Supp. Aff. ¶ 8). Defendant has not made claims about where the bullets he fired entered Plaintiff, only that he did it rapidly and that no other shots were fired afterwards.

Defendant made a snap decision to protect himself and others, and as a matter of law did not violate the Fourth or Fourteenth Amendment rights of Plaintiff.

**WHEREFORE:** All Plaintiff's claims should be dismissed and Plaintiff should be ordered to pay Defendant's attorney fees and costs under 42. U.S.C. § 1988.

Dated this 25th day of June, 2013

/s/ *Frank D. Mylar*
_____
Frank D. Mylar
Attorney for Defendant

# CERTIFICATE OF ALTERNATE SERVICE

I certify this 25th day of June, 2013, counsel's office mailed an exact copy of this **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** that is filed with the United States District Court, Electronic Filing System, upon Plaintiff's last known address at:

Michael Ames, Inmate
UTAH STATE PRISON # 36474
OQU #3 204B
P.O. Box 250
Draper, Utah 84020

*/s/Frank D. Mylar*
_____
Frank D. Mylar