# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MICHAEL AMES,<br><br>Plaintiff,<br><br>v.<br><br>TODD CHRISTENSEN,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:12-cv-481-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] There are three motions before the court. The court will first address Michael Ames's ("Plaintiff") motion for entry of judgment against Todd Christensen ("Defendant").[2] The court will then address Defendant's motion for summary judgment[3] and Plaintiff's motion for summary judgment.[4] The court has carefully reviewed the parties' written submissions related to those motions. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 38.

[2] *See* docket no. 22.

[3] *See* docket no. 30.

[4] *See* docket no. 21.

At the outset, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will liberally construe his pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted); *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Thus, the court will make allowances for Plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations and citation omitted). However, the court will not "assume the role of the advocate for [Plaintiff]." *Hall v. Bellmon.*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## FACTUAL BACKGROUND

Before reciting the relevant background facts, the court addresses whether there are any disputed material facts. In relevant part, rule 56 of the Federal Rules of Civil Procedure provides that

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1)(A). The court notes that Defendant's motion for summary judgment sets forth specific facts that are indeed supported by affidavits.

In order to dispute those facts, Plaintiff is not allowed to "simply rest upon [his] pleadings;" instead, he must "go beyond the pleadings and set forth specific facts that would be

2

admissible in evidence in the event of trial." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998) (quotations and citations omitted). In his response to Defendant's motion for summary judgment, Plaintiff has failed to carry that burden. Plaintiff has pointed only to the vague and conclusory allegations contained in his amended complaint. Because Plaintiff has failed to properly dispute Defendant's statement of facts, there are no disputed material facts and, accordingly, the court relies upon Defendant's statement of facts to recite the relevant background in this case.

Defendant is currently a Deputy with Weber County Sheriff's Office, where he has been employed for the last twelve years. Defendant is familiar with the Weber County Sheriff's Office Use of Force Policy and has received training on when and how the use of firearms is appropriate.

On March 25, 2011, Defendant was at a training session at the Weber County Sheriff's Office, when he heard a request from dispatch over the radio for help setting up a perimeter in West Haven, Utah, to contain Plaintiff, who was armed and fleeing from law enforcement. Defendant immediately informed dispatch he would be helping set up this perimeter. Defendant then got in his vehicle and proceeded to the location. Defendant learned that Plaintiff had threatened to kill bank employees with a gun, pointed a gun at a female, threatened that female's life, and stole that female's vehicle at gunpoint.

After some unsuccessful searching for Plaintiff in the area, Defendant heard yelling and one gun shot coming from somewhere nearby. Defendant continued searching until he

determined that the yelling was coming from a residence. Defendant proceeded on foot to the backyard of the residence with his handgun.

Plaintiff had already threatened the lives of bank employees, threatened a female at gunpoint, and stolen a vehicle at gunpoint. Further, Defendant had heard a gunshot while approaching the residence and heard yelling from inside the residence. For those reasons, Defendant believed that justification for the use of deadly force existed and that Plaintiff needed to be stopped to protect the lives of the persons inside the home and the officers outside.

While standing in the backyard, Defendant saw two people run out of the back door of the residence, just a few feet away from where he was standing. He later discovered that these two people were the homeowner and Plaintiff. Defendant saw the homeowner with a baseball bat in his hand. Defendant also saw Plaintiff attempting to get away from the homeowner, who was chasing Plaintiff with the baseball bat. At this point, Defendant saw Plaintiff had a gun in his right hand. Defendant then saw the homeowner hit Plaintiff in the head with the baseball bat. The strike to his head caused Plaintiff to move toward Defendant. Plaintiff then turned and looked at Defendant. Plaintiff had the gun in his right hand, and he pointed it at Defendant. In response, Defendant rapidly shot five rounds from his handgun at Plaintiff, who immediately fell to the ground and dropped the gun. This entire exchange took approximately two seconds. No shots were fired after Plaintiff fell to the ground.

Defendant believes his actions that day were lawful and consistent with the Weber County Sheriff's Use of Force Policy. Defendant believed that Plaintiff was an armed and dangerous fleeing felon who had already threatened the lives of several people and that Plaintiff

could seriously injure or kill innocent people. Defendant believed that Plaintiff posed a direct threat to his safety when Plaintiff turned toward him after coming out of the house with what appeared to be a gun in his hand.

In his complaint, Plaintiff alleges that, on the day in question, he was subjected to a "deliberate act of pain and suffering" and "reckless use of a lethal weapon causing injuries" by Defendant.[5]

## ANALYSIS

### I. Plaintiff's Motion for Entry of Judgment Against Defendant

On October 26, 2012, the court entered an order directing service of Plaintiff's amended complaint upon Defendant and requiring Defendant to make several filings in response to Plaintiff's complaint by certain deadlines.[6] In this motion, Plaintiff asks the court to enter judgment against Defendant based on Defendant's failure to make those responsive filings in a timely fashion.

It is true that Defendant failed to make those responsive filings by the deadlines indicated in the court's October 26, 2012 order. As a result of those failures, the court issued an order on February 7, 2013, requiring Defendant to show cause why default judgment should not be entered against him.[7] On February 26, 2013, Defendant filed a response to the order to show

---

[5] Docket no. 12 at 4.

[6] *See* docket no. 16.

[7] *See* docket no. 23.

cause and a motion for an extension of the deadlines for his other responsive filings.[8] That same day, Defendant filed his answer to Plaintiff's amended complaint.[9] On April 8, 2013, the court entered an order striking the order to show cause, accepting Defendant's answer as a timely response to Plaintiff's amended complaint, and granting Defendant's motion to extend the deadlines for his other responsive filings.[10] Defendant has since complied with the deadlines for his other responsive filings.

For those reasons, entry of judgment against Defendant is not appropriate. Therefore, Plaintiff's motion for entry of judgment against Defendant should be denied.

## II. Motions for Summary Judgment

### A. Defendant's Motion for Summary Judgment

In his motion for summary judgment, Defendant correctly notes that Plaintiff has not alleged any specific constitutional or statutory violation. Instead, Plaintiff alleges only that he was subjected to a "deliberate act of pain and suffering" and "reckless use of a lethal weapon causing injuries" by Defendant.[11] Among other things, Defendant argues that Plaintiff's claims in this case are barred by the doctrine of qualified immunity. The court agrees.

A defendant who raises an affirmative defense of qualified immunity shifts the burden to the plaintiff to show that (1) the defendant's actions violated a constitutional or statutory right

---

[8] *See* docket no. 24.

[9] *See* docket no. 25.

[10] *See* docket no. 28.

[11] Docket no. 12 at 4.

and (2) the right was clearly established at the time of the defendant's conduct. *See Romero v. Bd. of Cnty. Comm'rs*, 60 F.3d 702, 704 (10th Cir. 1995). "If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity." *Id*. (quotations and citations omitted).

Defendant raised the defense of qualified immunity in both his answer to Plaintiff's amended complaint and in his motion for summary judgment. In his response to Defendant's motion for summary judgment, Plaintiff has failed to carry his burden to establish either of the two prongs referenced above. In fact, Plaintiff fails to address either prong. Consequently, the court must conclude that Defendant is entitled to qualified immunity in this case. For that reason, Plaintiff's claims in this case are barred and Defendant's motion for summary judgment should be granted.

In the final portion of his motion, Defendant requests that Plaintiff be required to pay his attorney fees and costs under 42 U.S.C. § 1988. Pursuant to that statutory provision, the court may, in its discretion, award the prevailing party in a civil rights case reasonable attorney fees. *See* 42 U.S.C. § 1988(b). The court is not persuaded that such an award is appropriate under the circumstances presented by this case. Accordingly, the court should decline to award Defendant his attorney fees.

As a final matter, the court again recognizes that Plaintiff is proceeding pro se in this case, which could explain his failure to carry the above-referenced burden. The court is sympathetic to Plaintiff's pro se status; however, as noted above, the court simply cannot make arguments for Plaintiff or assume an advocacy role for him. *See Hall*, 935 F.2d at 1110.

## B. Plaintiff's Motion for Summary Judgment

Because the court has concluded that all of Plaintiff's claims are barred and that Defendant's motion for summary judgment should be granted, it logically follows that Plaintiff's motion for summary judgment cannot succeed. Accordingly, that motion should be denied.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's motion for entry of judgment against Defendant[12] be **DENIED**.

2. Defendant's motion for summary judgment[13] be **GRANTED**.

3. Plaintiff's motion for summary judgment[14] be **DENIED**.

4. The court decline to award Defendant his attorney fees under 42 U.S.C. § 1988.

5. The court order the Clerk of the Court enter judgment in favor of Defendant and close this case.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[12] *See* docket no. 22.

[13] *See* docket no. 30.

[14] *See* docket no. 21.

served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of September, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge